**XUE LIN RON, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 07–4474–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Terri J. Scadron, Asst. Director, Greg D. Mack, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Lin Ron, a native and citizen of the People's Republic of China, seeks review of a September 17, 2007 order of the BIA denying her motion to reopen. *In re Xue Lin Ron,* No. A078 746 209 (B.I.A. Sept. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Ron's untimely motion to reopen or in finding her ineligible to file a successive asylum application.

Ron argues that the BIA erred by failing to consider documents that she submitted in support of her motion to reopen. However, the BIA did indeed consider the evidence that Ron submitted and concluded that it did not warrant reopening of her proceedings. We find no error in that conclusion; we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a

---

Acting Attorney General Peter D. Keisler as respondent in this case.

task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Ron contends that the BIA abused its discretion in rejecting her evidence for lack of authentication; however, the BIA reasonably refused to credit the document because Ron's underlying application for relief was denied, in part, on the basis of an unchallenged adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir.2007).

In addition, Ron's reliance on *Shou Yung Guo* and *Tian Ming Lin* is unavailing because she submitted only one of the documents that were at issue in those cases, and she points to nothing in that document indicating that any sanctions she faces would rise to the level of persecution. The BIA reasonably found that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. *See Jian Hui Shao*, 546 F.3d at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian province did not necessarily amount to "physical or mental coercion"). While we have recognized that, in some circumstances, "severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," *id.* at 161–62, the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner's return to China. To the extent that Ron relies on documents submitted in *Shou Yung Guo* and *Tian Ming Lin* that are not in the record here, we have repeatedly held that we will not remand a case to the agency to consider extra-record evidence. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007). Finally, Ron's argument that she is entitled to file a successive asylum application is foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).